UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

KAY SANFELIPPO and ANDREW SANFELIPPO,

    Plaintiffs,

v.                              Case No.:  2:20-cv-527-FtM-38MRM

THE CINCINNATI INSURANCE COMPANY,

    Defendant.
_____/

**ORDER**[1]

Before the Court is Defendant The Cincinnati Insurance Company's Motion to Dismiss (Doc. 8). Plaintiffs Kay and Andrew Sanfelippo never responded, and the time to do so passed.

This is an insurance dispute for a hurricane claim.[2] The Complaint alleges breach of contract for failure to pay out fully on a loss covered by an insurance policy (the "Policy").[3] Cincinnati moves to dismiss for failure to state a claim, arguing the Complaint lacks enough facts and Andrew Sanfelippo passed away.

A complaint must recite "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This pleading standard "does not

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

[2] These are the facts alleged (Doc. 3), which the Court accepts as true. *Chandler v. Sec'y of Fla. Dep't of Transp.*, 695 F.3d 1194, 1198-99 (11th Cir. 2012).

[3] While the Complaint does not attach the Policy, Cincinnati provides it with the Motion. (Doc. 8-1). The Court considers it because the Policy is referred to in the Complaint, central to the claim, and undisputed. *Hi-Tech Pharms., Inc. v. HBS Int'l Corp.*, 910 F.3d 1186, 1189 (11th Cir. 2018).

require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). A facially plausible claim allows a "court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

In Florida, breach of contract consists of "(1) the existence of a contract; (2) a material breach of that contract; and (3) damages resulting from the breach."[4] *Vega v. T-Mobile USA., Inc.*, 564 F.3d 1256, 1272 (11th Cir. 2009). The Complaint alleges a contract and damages through unpaid insurance. But material breach is a closer call.[5]

Many courts require a plaintiff to identify the specific contractual provisions underlying the breach of contract claim. *5650 N. Miami Ave. v. Scottsdale Ins.*, No. 20-21702-Civ-Scola, 2020 WL 3839809, at *2 (S.D. Fla. July 8, 2020). Others do not. *Pharm. Dev. Grp., Inc. v. ANI Pharms., Inc.*, No. 8:16-CV-2416-T-30AAS, 2016 WL 4992503, at *2 (M.D. Fla. Sept. 19, 2016) (holding factual allegations were enough to put defendant on notice of breach claim even without identifying the specific provision). Neither Cincinnati nor the Court located any binding precedent standing for the proposition a complaint must always cite the contract clauses at issue. Nevertheless, a complaint must at bottom state a plausible material breach and notify defendant of the

---

[4] Sitting in diversity, the Court applies Florida substantive and federal procedural law. *Global Quest, LLC v. Horizon Yachts, Inc.*, 849 F.3d 1022, 1027 (11th Cir. 2017).
[5] Cincinnati's argument about the Complaint's failure to name the hurricane is a nonstarter. Nothing requires a plaintiff to name a storm when (as here) a pleading provides the date and location of a hurricane. And for Cincinnati—a company that insures property in Southwest Florida—to feign ignorance that Hurricane Irma tore through the area on September 10, 2017, falls flat.

grounds on which it rests whether through factual allegations or citation to the contract. *See Boca Raton Sailing v. Scottsdale Ins.*, No. 18-cv-81236-MIDDLEBROOKS, 2019 WL 7904805, at *2 (S.D. Fla. Mar. 18, 2019) (The "complaint must at least provide enough information regarding the disputed terms to give the opposing party reasonable notice of which provisions are being contested.").

Here, it is enough to conclude the Complaint fails to state a claim because it does not allege any facts surrounding Cincinnati's purported breach, while also failing to point to any breached provisions. As for breach, the Complaint merely alleges Cincinnati "failed or refused [sic] fully indemnify Plaintiff from the amount of loss. [Cincinnati's] refusal to reimburse Plaintiff adequately for damages, and otherwise make Plaintiff whole, constitutes a breach of contract." (Doc. 3 at 3). This is not enough to put Cincinnati on notice of the facts supporting the breach claim asserted against it. Notably, the Policy (with all endorsements and related documents) is nearly one-hundred pages. (Doc. 8-1). And the Complaint does not hint at how Cincinnati breached its contractual duties. In short, the Complaint fails to provide enough facts to plausibly allege a material breach of the Policy. *Cf. Green v. Dr. Kelly Malinoski, LLC*, No. 2:19-cv-556-FtM-60NPM, 2019 WL 6173175, at *1-2 (M.D. Fla. Nov. 20, 2019) (holding a complaint sufficient because it alleged facts on the material terms breached and put defendant on notice).

Because the Court decides the Motion on that basis there is no need to address Cincinnati's contentions—based on extrinsic evidence—related to the passing of Andrew Sanfelippo. Yet Plaintiffs should note Cincinnati's challenge and make any necessary substitution or amendment because an individual cannot sue postmortem. *See United States v. Estate of Schoenfeld*, 344 F. Supp. 3d 1354, 1360-64 (M.D. Fla. 2018)

(distinguishing *Engle* and holding that because the case was not a legal nullity, plaintiff could amend).[6]  If Andrew Sanfelippo is deceased, perhaps Kay could sue as personal representative of his estate.  See *Tennyson v. ASCAP*, 477 F. App'x 608, 610-11 (11th Cir. 2012) (applying the capacity doctrine and noting only a personal representative can sue on behalf of an estate); *Spradley v. Spradley*, 213 So. 3d 1042, 1045 (Fla. Dist. Ct. App. 2017) (The "'Estate' is not an entity that can be a party to litigation.  It is the personal representative of the estate, in a representative capacity, that is the proper party." (citation omitted)).  The Complaint, however, lacks any allegations for such a relationship.

While Cincinnati seeks dismissal with prejudice, a chance for an amendment is appropriate.  Plaintiffs may be able to state a claim, and the Court is dismissing a removed complaint for failure to comply with federal pleading standards.  Plaintiffs, therefore, may amend the Complaint to correct its deficiencies.

Accordingly, it is now **ORDERED:**

(1)  Defendant's Motion to Dismiss Complaint (Doc. 8) is **GRANTED**.

(2)  Plaintiffs' Complaint (Doc. 3) is **DISMISSED without prejudice**.

(3)  Plaintiffs must **FILE** an amended complaint **on or before September 15, 2020**.  **Failure to file a timely amended complaint will lead to closure of this case without further notice**.

**DONE** and **ORDERED** in Fort Myers, Florida this 1st day of September, 2020.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record

---

[6] This case is not a total legal nullity as it is undisputed Kay Sanfelippo has capacity to sue for herself.