UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

KAY SANFELIPPO,

      Plaintiff,

v.                                                    Case No.: 2:20-cv-527-FtM-38MRM

THE CINCINNATI INSURANCE
COMPANY,

      Defendant.

_____/

## ORDER[1]

Before the Court is Defendant The Cincinnati Insurance Company's Motion to Dismiss (Doc. 19).  Plaintiff Kay Sanfelippo never responded, and the time to do so passed.  The Court denies the Motion.

This is an insurance dispute for a hurricane claim.[2]  The Amended Complaint alleges breach of contract for failure to provide coverage on a covered loss under an insurance policy (the "Policy").  The Court dismissed once for failure to state a claim because Sanfelippo did not allege enough facts to put Cincinnati on notice of the breach.  (Doc. 14).  Cincinnati moves to dismiss again, contending the Amended Complaint still does not state a claim.

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees.  By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them.  The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

[2] These are the facts alleged in the Amended Complaint (Doc. 18), which the Court accepts as true. *Chandler v. Sec'y of Fla. Dep't of Transp.*, 695 F.3d 1194, 1198-99 (11th Cir. 2012).

A complaint must recite "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This pleading standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007)).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly,* 550 U.S. at 570).  A facially plausible claim allows a "court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Sitting in diversity, the Court applies Florida substantive law. *Global Quest, LLC v. Horizon Yachts, Inc.,* 849 F.3d 1022, 1027 (11th Cir. 2017).  In Florida, breach of contract consists of "(1) the existence of a contract; (2) a material breach of that contract; and (3) damages resulting from the breach." *Vega v. T-Mobile USA, Inc.,* 564 F.3d 1256, 1272 (11th Cir. 2009).  Like its predecessor, the Amended Complaint alleges a contract and damages.  Unlike before, however, the Amended Complaint also pleads a material breach.

Sanfelippo alleges the Policy provides coverage for hurricane damage.  A hurricane blew through the area on September 10, 2017, damaging the insured property.  Afterward, Sanfelippo submitted a damage estimate and insurance claim to Cincinnati.  And Cincinnati sent Sanfelippo a letter denying coverage because it

concluded the damage was not hurricane related.  So Sanfelippo says Cincinnati breached the Policy by not providing coverage for the claimed damages.

Those facts are enough to plead a plausible breach of the Policy.  Accepted as true, the Amended Complaint explains the parties dispute whether a hurricane caused the damages, which Sanfelippo identified presuit by sending Cincinnati a repair estimate and filing a claim.  Also presuit, Cincinnati determined there was no coverage under the Policy because the damage was unrelated to a hurricane. Put simply, there is now enough to plausibly allege a simple breach of insurance contract and put Cincinnati on notice of its basic grounds.  *See Eye Ctrs. of Fla., P.A. v. Landmark Am. Ins.*, No. 2:18-cv-547-FtM-38CM, 2018 WL 4492241, at *2 (M.D. Fla. Sept. 19, 2018); *Williams v. Scottsdale Ins.*, No. 19-60736-CIV-MARTINEZ-SNOW, 2019 WL 7708504, at *2-3 (S.D. Fla. June 17, 2019).

Accordingly, it is now

**ORDERED:**

(1) Defendant's Motion to Dismiss First Amended Complaint (Doc. 19) is **DENIED**.

(2) Defendant must **ANSWER** the Amended Complaint **on or before October 23, 2020**.

**DONE** and **ORDERED** in Fort Myers, Florida on October 9, 2020.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record

3